| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| DESIRIQUE E. PAYNE, | § |
| | § |
| Appellant, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 4:25-CV-1192 |
| | § APPEAL OF NO. 25-42400 |
| OLUTEMI ODEYMI, | § |
| | § |
| Appellee. | § |

## MEMORANDUM AND ORDER

Pending before the court is Appellant Desirique Payne's ("Payne") *pro se* Emergency Motion for Stay Pending Appeal (#3), *pro se* Supplemental Emergency Motion (#7), *pro se* Emergency Motion to Expedite Ruling on Pending Stay Motion (#10), and *pro se* Emergency Motion for Temporary Restraining Order (#12).[1]  Appellee Olutemi Odeymi ("Odeymi") filed a Response (#8) to Payne's initial motion, and Payne filed a Reply (#9).  Having considered the pending motions, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Payne's pending motions should be DENIED.

I.   Background

On February 13, 2025, Payne and Odeymi entered into a residential lease agreement, whereby Payne agreed to rent a property located in Princeton, Texas, for $2,200.00 per month. In April 2025, Payne began making delayed and inconsistent rental payments, with her final partial payment occurring on June 4, 2025.  According to a response Odeymi filed in the bankruptcy court, he obtained a judgment of eviction against Payne, which Payne then appealed to the Collin

---

[1] The court notes that each pending motion urges the same request, which is that the court enter a stay pending appeal.  Accordingly, the court will treat the pending motions as one Emergency Motion for Stay Pending Appeal.

County Court at Law. On August 18, 2025, exactly one day before an eviction hearing was set to occur in the Collin County Court at Law, Payne filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. 11 U.S.C. §§ 1501-151326. Pursuant to the resulting automatic stay, the County Court at Law stayed the eviction proceedings. The present case constitutes the third petition for bankruptcy Payne has filed since September 2023. After filing her most recent bankruptcy petition, Payne has failed to pay post-petition rent for the months of September and October.

On September 10, 2025, Odeymi filed a motion with the bankruptcy court, requesting relief from the automatic stay so that the eviction proceedings could resume. Payne initially opposed the motion, resulting in a hearing being held on the motion by the bankruptcy court on October 21, 2025. At the hearing, Payne agreed to an order lifting the automatic stay on November 1, 2025. On October 22, 2025, however, Payne filed a "Motion to Reconsider" renouncing her agreement to lift the stay. Specifically, Payne claimed that Odeymi had exercised undue influence in obtaining Payne's agreement and that Payne had agreed while experiencing the residual emotional impact of a miscarriage she had sustained approximately two weeks earlier. On October 28, 2025, at Payne's request, the bankruptcy court held an expedited hearing on Payne's Motion to Reconsider. During the hearing, Payne admitted that she had not paid any post-petition rent and that she did not have the funds to pay said rent. Consequently, the bankruptcy court denied Payne's Motion to Reconsider, finding cause existed to grant Odeymi relief from the automatic stay.

On October 29, 2025, Payne filed an Emergency Motion for Stay Pending Appeal with the bankruptcy court. On October 30, 2025, Payne filed a Notice of Appeal (#1), maintaining that

the bankruptcy court erred in lifting the automatic stay with respect to Odeymi. On October 31, 2025, following the denial of her Emergency Motion by the bankruptcy court, Payne filed the present Emergency Motion for Stay Pending Appeal (#3), wherein Payne asks the court to enter a stay nullifying the effect of the bankruptcy court's order lifting the automatic stay during the pendency of her appeal. Following Payne's initial motion, she has filed numerous motions supplementing her initial motion and requesting an expedited ruling (#s 7, 10, 12).

II.   Analysis

Rule 8007 of the Federal Rules of Bankruptcy Procedure permits a party to seek a stay of enforcement of a judgment, order, or decree of a bankruptcy judge. FED. R. BANKR. P. 8007. Such requests must ordinarily be presented to the bankruptcy court in the first instance and then, if relief is denied, to the district court. *Id.* Consequently, a motion to stay a bankruptcy court's order pending appeal must either "show that moving first in the bankruptcy court would be impracticable; or if a motion has already been made in the bankruptcy court . . . whether the court has ruled on it, and if so . . . any reasons given for the ruling." Additionally, a motion for stay pending appeal must include:

(1)   the reason for granting the relief requested and the facts relied on;

(2)   affidavits or other sworn statements supporting facts subject to dispute; and

(3)   relevant parts of the record.

*Id.*; *In re Steward Health Care System, LLC*, No. 4:25-CV-01584, 2025 WL 1095100, at *1 (S.D. Tex. Apr. 11, 2025). Additionally, "[a] stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Noem v. Vasquez Perdomo*, __ S. Ct. __, No.

25A169, 2025 WL 2585637, at *8 (Sept. 8, 2025) (Sotomayor, J., dissenting) (quoting *Nken v. Holder,* 556 U.S. 418, 426-27 (2009)); *Anand v. Hallmark Fin. Servs., Inc.*, No. 3:24-CV-3181-B, 2025 WL 3125919, at *1 (N.D. Tex. Aug. 14, 2025).

A bankruptcy court's decision on a motion for stay pending appeal will be reviewed for abuse of discretion. *Ruff v. Ruff*, No. 4:22-cv-00321, 2023 WL 2574021, at *2 (E.D. Tex. Mar. 20, 2023); *Lall v. Powers*, No. 3:19-CV-0398-B, 2019 WL 2249717, at *1 (N.D. Tex. May 24, 2019) (quoting *18 Audubon Place, LLC v. SBN V FNBC LLC*, 2018 WL 5831231, at *1 (E.D. La. Nov. 7, 2018)), *appeal dismissed sub nom. In re Lall*, No. 19-10652, 2019 WL 6716974 (5th Cir. Aug. 22, 2019). "A bankruptcy court abuses its discretion if it seriously errs in its determination of whether the moving party has established a case meriting injunctive relief." *Lall*, 2019 WL 2249717, at *1. Further, "[a] district court reviews a bankruptcy court's conclusions of law *de novo* and findings of fact for clear error." *Id*. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*.

The United States Court of Appeals for the Fifth Circuit applies a four-part test for determining whether to grant a discretionary stay:

(1) whether the movant has made a showing of likelihood of success on the merits;

(2) whether the movant has made a showing of irreparable injury if the stay is not granted;

(3) whether the granting of the stay would substantially harm the other parties; and

(4)     whether the granting of the stay would serve the public interest.

*Arnold v. Garlock, Inc.*, 278 F.3d 426, 439-42 (5th Cir. 2001); *In re Steward Health Care Sys., LLC*, 2025 WL 1095100, at *2 (citing *In re First S. Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987)); *Ruff*, 2023 WL 2574021, at *2 (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982)). Each of these elements must be met by the requesting party, and failure to satisfy one of the four prongs defeats a motion for stay. *In re Steward Health Care Sys., LLC*, 2025 WL 1095100, at *2; *In re Alaniz*, No. C-10-367, 2010 WL 5540930, at *1 (S.D. Tex. Dec. 14, 2010).

   a.   <u>Requirements of Rule 8007 of the Federal Rules of Bankruptcy Procedure</u>

As a preliminary matter, neither Payne's Original Emergency Motion for Stay Pending Appeal (#3) nor her subsequent Supplemental Motions (#s 7, 10, 12) satisfy the requirements of Rule 8007 of the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 8007. Though Payne complied with Rule 8007 by first filing a Motion for Stay Pending Appeal with the bankruptcy court, she failed to disclose in her current motion the reasons for the bankruptcy court's denial of her motion. *Id.* Rather, Payne merely states that the bankruptcy court denied her "stay this morning." Therefore, Payne does not provide the reasons for the court's ruling or any information regarding the hearing on the motion that the bankruptcy court held on October 31, 2025.[2]

Additionally, Payne fails to provide adequate reasons why this court should grant the relief requested. As noted above, Payne must satisfy four factors to demonstrate entitlement to a stay.

---

[2] The court notes that Odeymi, not Payne, filed an Additional Attachment (#11) containing the bankruptcy court's order on Payne's Emergency Motion for Stay Pending Appeal.

In her initial motion, Payne states only that "the district court has authority to grant . . . relief to prevent irreparable harm. Loss of my home and homelessness for my children." In filing her supplemental motion, Payne endeavors to provide a substantive analysis of the four relevant factors. Nevertheless, Payne has not identified any facts in dispute or provided an affidavit or sworn statement in support of those facts. Lastly, as noted above, Payne failed to attach any of the relevant parts of the record to her motion, as required by Rule 8007. Accordingly, Payne's motion should be denied for failure to comply with Rule 8007 of the Federal Rules of Bankruptcy Procedure. *Ruff*, 2023 WL 2574021, at *3 (recognizing that failure to comply with Rule 8007 provides sufficient grounds for denying a motion for stay pending appeal).

      b.      <u>Likelihood of Success on the Merits</u>

Furthermore, in addition to Payne's noncompliance with Rule 8007, Payne's Emergency Motion for Stay Pending Appeal (#3) and her subsequent filings (#s 7, 10, 12) fail on the merits. Regarding the first factor, the movant "need not always show a 'probability' of success on the merits; instead the movant need only present a substantial case on the merits when a serious legal question is involved, and show that the balance of equities weighs heavily in favor of granting the stay." *In re Memorial Prod. Partners L.P.*, No. H-18-412, 2018 WL 10593659, at *1 (S.D. Tex. Oct. 16, 2018) (quoting *In re First S. Sav. Ass'n*, 820 F.2d at 704). "If the balance of equities (i.e., consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal." *In re Demay Intern. L.L.C.*, No. H-10-2128, 2011 WL 689575, at *2 (S.D. Tex. Feb. 17, 2011).

Section 362 of the Bankruptcy Code imposes an automatic stay against the commencement or continuation of a judicial proceeding against the debtor. 11 U.S.C. § 362(a)(1). Subsection (d) of that same statute authorizes a court to grant relief from the automatic stay "for cause, including the lack of adequate protection." *Id.* Courts have recognized that a debtor-tenant's failure or inability to pay rent during the months following the debtor's filing for bankruptcy, also known as a failure to pay "post-petition rent," constitutes "cause" to grant relief from the automatic stay. *In re Singh*, No. 25-10431, 2025 WL 2315415, at *4 (S.D.N.Y. Bankr. Aug. 11, 2025); *In re Dorsey*, 664 B.R. 244, 252 (W.D. Tenn. Bankr. 2024); *In re Benton*, 662 B.R. 517, 521 (S.D.N.Y. Bankr. 2024).

Here, it is undisputed that Payne has not paid rent for any of the months following the filing of her petition for bankruptcy. Regarding her likelihood of success on the merits, Payne states in her Supplemental Motion (#7) only that the landlord's ledger included pre-petition rent and duplicate late fees. As a result, Payne contends that "[m]isrepresenting such debts as 'cause' for stay relief constitutes bad-faith litigation." Payne's motion, however, does not address or provide any evidence demonstrating her ability to pay post-petition rent. Furthermore, the bankruptcy court's order on Payne's Emergency Motion for Stay Pending Appeal notes that Payne "admitted at the hearing on October 28, 2025, that she had not paid any post-petition rent and lacks the funds to do so." As noted above, Payne's inability to pay post-petition rent constitutes cause to lift the automatic stay. *In re Singh*, 2025 WL 2315415, at *4; *In re Dorsey*, 664 B.R. at 252; *In re Benton*, 662 B.R. at 521. Accordingly, Payne's likelihood of success on the merits is neither substantial nor probable, as Odeymi has provided uncontroverted evidence that "cause" exists for lifting the automatic stay.

  c.  Irreparable Injury

The second factor asks this court to consider whether the party requesting the stay faces a substantial threat of irreparable injury if the stay is denied. *In re Memorial Prod. Partners L.P.*, 2018 WL 10593659, at * 1. Payne maintains that she faces a threat of irreparable injury because she and her two children face eviction and homelessness. As the bankruptcy court noted, however, Payne does not face a threat of irreparable injury because she can present any defenses to eviction she may have in the state court proceedings and exhaust her state court remedies.[3]

  d.  Harm to Other Parties

The court must also consider whether granting the stay would substantially harm the other parties. *In re Memorial Prod. Partners L.P.*, 2018 WL 10593659, at *1. Here, Payne maintains that the only harm Odeymi will suffer is a delay in collecting rent, whereas she faces "total displacement." Payne, however, understates the harm faced by Odeymi. If this court were to grant a stay pending appeal, Odeymi would remain responsible for all of his obligations under the residential lease, despite not having received any payments from Payne since June 2025. Additionally, given that Payne has not been able to pay any post-petition rent, granting a stay would essentially enable Payne to continue residing in the rental property rent-free while accruing additional debt during the pendency of the appeal. This scenario could extend for months, with no guarantee or assurances that Odeymi would ever be paid. Consequently, granting the stay would only serve to exacerbate further the harm suffered by Odeymi.

---

[3] The court notes that an eviction proceeding took place on November 13, 2025. Nevertheless, the fact remains that Payne had adequate time to present any legitimate defenses to eviction in the state court proceedings and may seek appellate relief in state court.

      e.      Public Interest

Lastly, the court must evaluate whether granting the stay would serve the public interest. *In re Steward Health Care Sys., LLC*, 2025 WL 1095100, at *2. In her supplemental motions, Payne contends that the fourth factor favors granting the stay because "[f]ederal courts have long emphasized the importance of safeguarding pro se litigants' access to fair proceedings and preventing retaliation and intimidation." In the present case, the bankruptcy court appropriately noted that the public interest does not favor "allowing a debtor to use the bankruptcy process to delay legitimate eviction proceedings indefinitely without paying post-petition rent." According to documents filed with the bankruptcy court, Odeymi obtained a judgment of eviction against Payne, which Payne appealed to the County Court at Law.[4] Payne then filed for bankruptcy the day before an eviction hearing was set to take place before the County Court at Law. As a result, the bankruptcy court concluded, and this court agrees, that Payne appears to have engaged in litigation tactics aimed at delaying a legitimate eviction proceeding. Therefore, allowing such delay tactics to continue by granting the requested stay would disserve the public interest.

### III.    Conclusion

As discussed above, the court concludes that Payne's Emergency Motion for Stay Pending Appeal should be denied. First, Payne failed to comply with the requirements of Rule 8007 of the Federal Rules of Bankruptcy Procedure. Second, Payne failed to demonstrate a likelihood of success on the merits and the balance of the equities do not favor granting the requested stay. Accordingly, Payne's *pro se* Emergency Motion for Stay Pending Appeal (#3), *pro se*

---

[4] This information is derived from Odeymi's response to Payne's Emergency Motion for Stay Pending Appeal filed with the bankruptcy court.

Supplemental Emergency Motion (#7), *pro se* Emergency Motion to Expedite Ruling on Pending Stay Motion (#10), and *pro se* Emergency Motion for Temporary Restraining Order (#12) are DENIED.

    SIGNED at Beaumont, Texas, this 14th day of November, 2025.

                                                       MARCIA A. CRONE
                                           UNITED STATES DISTRICT JUDGE