| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| DESIRIQUE E. PAYNE, | § |
| | § |
| Appellant, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 4:25-CV-1192 |
| | § APPEAL OF NO. 25-42400 |
| OLUTEMI ODEYMI, | § |
| | § |
| Appellee. | § |

## MEMORANDUM AND ORDER

Pending before the court is Appellant Desirique E. Payne's ("Payne") Motion to Recuse United States District Judge Marsha J. Crone (#19).[1] Appellee Olutemi Odeymi ("Odeymi") did not file a response. Having considered the pending motion, the record, and the applicable law, the court is of the opinion that Payne's motion should be DENIED.

I.      Background

On February 13, 2025, Payne and Odeymi entered into a residential lease agreement whereby Payne agreed to rent a property located in Princeton, Texas, for $2,200.00 per month. In April 2025, Payne began making delayed and inconsistent rental payments, with her final partial payment occurring on June 4, 2025. Odeymi obtained a judgment of eviction against Payne in state court, which Payne then appealed to the Collin County Court at Law. On August 18, 2025, exactly one day before an eviction hearing was set to occur in the Collin County Court at Law, Payne filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. Pursuant to the resulting automatic stay, the County Court at Law stayed the eviction proceedings. The

---

[1] The court notes that Payne has misspelled the undersigned's name in the caption of her motion.

present action constitutes the third petition for bankruptcy Payne has filed since September 2023. After filing her most recent bankruptcy petition, Payne failed to pay any post-petition rent, as required when proceeding under Chapter 13 of the Bankruptcy Code.

On September 10, 2025, Odeymi filed a motion with the Bankruptcy Court requesting relief from the automatic stay in order to allow the eviction proceedings to resume. Payne initially opposed the motion, and a hearing was held by the Bankruptcy Court on October 21, 2025. At the hearing, Payne agreed to an order authorizing the lifting of the automatic stay on November 1, 2025. On October 22, 2025, however, Payne filed a "Motion to Reconsider," renouncing her agreement to lift the stay. Specifically, Payne claimed that Odeymi had exercised undue influence in obtaining Payne's agreement and that Payne had agreed while experiencing the residual emotional impact of a miscarriage she had sustained approximately two weeks earlier. On October 28, 2025, at Payne's request, the Bankruptcy Court held an expedited hearing on Payne's Motion to Reconsider. During the hearing, Payne admitted that she had not paid any post-petition rent and that she did not have the funds to pay such rent. Consequently, the bankruptcy court denied Payne's Motion to Reconsider, finding cause existed to grant Odeymi relief from the automatic stay.

On October 30, 2025, Payne filed a Notice of Appeal (#1), maintaining that the bankruptcy court erred in lifting the automatic stay with respect to Odeymi. On October 31, 2025, Payne filed an Emergency Motion for Stay Pending Appeal (#3) with this court, which was denied on November 14, 2025. On November 21, 2025, Payne filed the pending Motion to Recuse United States District Judge Marsha J. Crone (#19).

II.     Analysis

Under 28 U.S.C. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Additionally, a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  A court may evaluate a motion to recuse filed against it, and the determination of whether to recuse is committed to the court's sound discretion.  *Polendo v. Corpus Christi Mun. Cts.*, No. 2:25-CV-00140, 2025 WL 3471322, at *7 (S.D. Tex. Dec. 3, 2025); *In re Highland Capital Mgmt. LP*, No. 3:25-CV-2579-B, 2025 WL 3470437, at *4 (N.D. Tex. Dec. 3, 2025) (citing *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)); *United States v. Gann*, 2025 WL 3461547, at *2 (E.D. Tex. Dec. 2, 2025) (citing *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012)).

When considering a motion under § 455(a), a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."  *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 463 (5th Cir. 2020) (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)); *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003).  Specifically, the United States Court of Appeals for the Fifth Circuit has recognized that the court must "ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical and suspicious person," while recognizing that "an observer of our judicial system is less likely to credit judges' impartiality than [other members of] the judiciary."  *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995); *United States v. Gann*, No. 4:24-cv-277, 2025 WL 3461547, at *2 (E.D. Tex.

Dec. 2, 2025).  The purpose of § 455 is to "avoid even the appearance of partiality." *Patterson*, 335 F. 3d at 484 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)).

In the present case, Payne asserts eight grounds that purportedly compel recusal by the undersigned.[2]  First, Payne notes that "Judge Crone incorrectly stated that Appellant 'failed to pay filing fees' and therefore 'failed to perfect the appeal,' despite the Bankruptcy Clerk having accepted and transmitted the appeal based on Appellant's IFP filing."  The court has entered two prior orders in this case.  On November 4, 2025, the court entered an Order (#6) requiring Odeymi to respond to Payne's Motion for Administrative Stay Pending Appeal (#3).  On November 14, 2025, the court entered a Memorandum and Order (#17) denying Payne's motion.  Neither order discusses or even mentions whether Payne paid the filing fees, perfected the appeal, or whether the court was without jurisdiction as a result of Payne's purported failure to do so.[3]  Accordingly, given that the court did not make the statements alleged, Payne's contention that these statements evince an inability to remain impartial is without basis.

In liberally construing Payne's motion, it appears the above contention could be tenuously referencing this court's analysis of Payne's compliance with Rule 8007 of the Federal Rules of Bankruptcy Procedure.  The court must begin by noting that Rule 8007 does not pertain in any way to the payment of filing fees or the process for perfecting an appeal.  FED. R. BANKR. P. 8007.  Rather, Rule 8007 governs the procedure for obtaining a stay pending appeal.  *Id.*  In this

---

[2] The court has no personal knowledge of Payne, Odeymi, or their dispute.  The only knowledge the court has acquired regarding this case has been through the filings in the present case.

[3] Because Payne had active filings pending before the Bankruptcy Court, the District Court, and Fifth Circuit Court of Appeals at the same time, it is possible that Payne may be conflating the statements and orders of the other courts involved in these proceedings.

court's prior order, the court explained that Payne failed to comply with several of the requirements contained in Rule 8007, which provided an independent basis for denying her motion for stay pending appeal.  Rule 8007 has no bearing on the court's jurisdiction of the appeal or to rule on the motion for stay pending appeal.  *Id*.  Instead, it simply sets forth the requirements for filing a valid motion for stay pending appeal.  *Id*.  Accordingly, to the extent Payne's first ground for recusal references the court's application of Rule 8007, her contention similarly fails, as the court appropriately applied the Federal Rules of Bankruptcy Procedure.

Second, Payne asserts that "Judge Crone adopted the Bankruptcy Court's conclusion that Appellant engaged in 'delay tactics,' despite the absence of a full record, transcript, or evidentiary review."  As a preliminary matter, the court did not simply "adopt" the Bankruptcy Court's finding that Payne engaged in delay tactics.  Rather, the court conducted an independent review of Payne's Motion to Stay Pending Appeal (#3), Odeymi's Response (#8), Payne's Reply (#9), and Payne's supplemental filings (#s 7, 10, 11, 12, 13).  The court also reviewed and considered the attachments to Payne's original motion and supplemental filings and the attachments to Odeymi's response.[4]  The court's prior analysis demonstrates its consideration of these documents, as it references and relies on a number of them in reaching its conclusion.  Hence, a reasonable observer would not view the court's independent assessment that Payne engaged in delay tactics as evidence of bias or prejudice.

Furthermore, the party seeking a stay pending appeal bears the burden of demonstrating that such a stay is warranted.  *In re Steward Health Care System, LLC*, No. 4:25-CV-01584, 2025

---

[4]The attachments considered include Payne's medical records, some of Payne's filings before the Bankruptcy Court, a ledger of Payne's rent payments to Odeymi, correspondence between Payne and counsel for Odeymi, and text messages between Payne and Odeymi.

WL 1095100, at *1 (S.D. Tex. Apr. 11, 2025).  Accordingly, although the court believes it conducted a sufficient review of the evidence presented, to the extent there was an absence of a "full record, transcript or evidentiary review," that merely reflects a failure on the part of the appellant to present the appropriate records, transcripts, and evidence.  The court conducted a comprehensive review of the information presented.  Consequently, any alleged failure to consider certain information not before this court does not indicate an attitude of partiality on behalf of the court, but rather, Payne's lack of diligence.

Third, Payne maintains that "Critical time line shows that Judge Crone delayed ruling for 14 days on a stated emergency, then issued her ruling only after Appellant filed a mandamus seeking action."  At the outset, simply labeling a motion "as an emergency does not make it so." *Simpkins v. John Maher Builders, Inc.*, No. 3:23-cv-01367, 2024 WL 5504883, at *2 (M.D. Tenn. Apr. 30, 2024); *see Ellis v. Urbana Parc LLC*, No. 25-2315, 2026 WL 1365167, at *1 (C.D. Ill. Apr. 1, 2026).  Following a preliminary internal review, the court determined that the pending motion was not, in fact, an emergency.[5]  Nevertheless, the court still conducted a timely review.  The Emergency Motion to Stay Pending Appeal (#3) was filed on October 31, 2025.  The original motion was a one-page handwritten document that failed to identify an appropriate legal foundation or evidentiary basis for granting a stay pending appeal.  A substantive motion articulating the grounds for a stay pending appeal was not filed until November 7, 2025.  The court ruled on the original and supplemental motions seven days later on November 14, 2025.[6]

---

[5] The Fifth Circuit reached the same conclusion with respect to the emergency motion to stay pending mandamus filed before it in Payne's mandamus proceeding.

[6] The court entered the relevant order four days after Odeymi filed a Response (#8) to Payne's Motion to Stay Pending Appeal (#3).

Additionally, the fact that the undersigned entered the order after Payne filed a petition for a writ of mandamus does not indicate an attitude of prejudice or bias.  As a preliminary matter, the impetus for filing a writ of mandamus is generally to obtain a ruling from the court.  Hence, a court cannot be accused of bias simply for completing a task requested in the petitioner's writ of mandamus.  Furthermore, the court entered the order following Payne's filing of a petition for a writ of mandamus because it was the first practicable time it could issue the order in light of other proceedings and cases that were pending before the court.  In November 2025, the court had over 600 cases pending before it, each of which had its own deadlines, pending motions, and hearings for the court to manage.[7]  Therefore, an objective party would not view the passage of seven days as an unreasonable delay sufficient to demonstrate partiality or bias.

Fourth, Payne asserts that "Judge Crone claimed she lacked jurisdiction—yet still made factual findings against Appellant."  Payne further states that, "If jurisdiction was lacking due to fees, the Court could not make findings on delay, merit, or credibility," and that "[m]aking factual determinations while simultaneously claiming no jurisdiction creates an appearance of bias and improper legal reasoning."  Again, the there is no record of the court making the statements alleged.  Therefore, Payne's fourth contention is without merit.

Fifth, Payne claims "Judge Crone ignored all evidence of medical hardship, miscarriage, postpartum complications, and imminent homelessness, despite these being central to the stay request."  The court did not disregard Payne's evidence regarding her medical hardships or her impending homelessness in the absence of a stay.  Regarding Payne's medical problems, those

---

[7] Over 200 of the 600 pending cases were criminal cases, wherein the defendants commonly face the potential deprivation of significant constitutional interests, including their liberty interest, their right to vote, their right to bear arms, and more.

facts, while understandably traumatic, are wholly irrelevant to the inquiry of whether granting a stay pending appeal is appropriate. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 439-42 (5th Cir. 2001). In evaluating a request for a stay pending appeal, the court must consider whether:

(1)   the movant has made a showing of likelihood of success on the merits;

(2)   whether the movant has made a showing of irreparable injury if the stay is not granted;

(3)   whether the granting of the stay would substantially harm the other parties; and

(4)   whether the granting of the stay would serve the public interest.

*Id.* The only factor to which Payne's medical issues could be relevant is the irreparable harm factor. Payne's past medical issues, however, have no bearing on whether she faced a future threat of irreparable injury. *See id.* Payne's potential homelessness is relevant only to the irreparable injury factor.[8] *Id.* Consequently, Payne's medical and housing circumstances are completely irrelevant to whether she met her burden of demonstrating a likelihood of success on the merits, whether the stay would result in substantial harm to the other party, and whether granting the stay would serve the public interest. *Id.* Consequently, the level of consideration given to Payne's circumstances does not reflect this court's bias or prejudice against her, but rather, it comports with the law governing a request for a stay pending appeal.

Sixth, Payne asserts that this court "mischaracterized Appellant's filings as 'serial filings,'" despite Appellant filing only one motion per issue in a timely sequence," which "harms credibility and creates the appearance of hostility." Again, the court has been unsuccessful in locating the

---

[8] Notably, the court held that Payne did not demonstrate irreparable injury based on her impending homelessness, as she could raise any legitimate defenses to eviction she had in the state court eviction proceedings.

8

language ostensibly quoted by Payne regarding any "serial filings." Nevertheless, even if the undersigned made the alleged statement, the statement fails to establish an attitude of bias or prejudice. In fact, "serial" aptly describes the nature of Payne's filings in the present case. In this court alone, Payne filed seven documents pertaining to her request for a stay pending appeal, four of which were motions requesting the exact same relief, over the course of fourteen days. During that time, Payne also filed multiple documents with the Bankruptcy Court and the United States Court of Appeals for the Fifth Circuit seeking the same relief or reconsideration of prior denials of motions seeking the same. An accurate statement does not demonstrate an inability to remain impartial. Accordingly, the court holds that Payne's sixth contention is both unfounded and unpersuasive.

Payne's seventh ground for recusal states that "Judge Crone concluded that the matter belonged in state court, despite federal bankruptcy jurisdiction and despite the disputed agreed order being under federal review. This conclusion signals a predetermined outcome." The above statement mischaracterizes this court's analysis. In the Memorandum and Order (#17) entered on November 14, 2025, the court states that "Payne does not face a threat of irreparable injury because she can present any defenses to eviction she may have in the state court proceedings and exhaust her state court remedies." The court was not suggesting that Payne's bankruptcy proceeding belonged in state court. Rather, the court's statement simply recognizes that no irreparable legal injury would result from refusing to grant the requested stay, as any legitimate defenses to eviction could be raised in the state court proceedings. Therefore, the court's analysis does not signal a predetermined outcome, as Payne contends.

Finally, Payne maintains that "Because Judge Crone is aware that Appellant filed a mandamus, Appellant now reasonably fears future retaliatory rulings and cannot expect a fair, neutral review of any future filings."  A court is not required to recuse simply because a litigant filed an appeal or petition for writ of mandamus.  *See Myers v. United States*, 673 F. App'x 749, 752 (9th Cir. 2016); *In re J.P.*, No. 1:24-cv-00648-AA, 2025 WL 3537393, at *2 (D. Oregon Dec. 10, 2025).  Therefore, the mere fact that the court knows that Payne filed a petition for a writ of mandamus is insufficient to imply the existence of future bias or prejudice.

Payne's motion seemingly reflects a general dissatisfaction with this court's adverse ruling on her motion for stay pending appeal rather than any legitimate grounds for recusal.  As the Fifth Circuit has recognized that prior adverse rulings are not grounds for requiring recusal.  *See Max-George v. Myrick*, No. 21-20281, 2023 WL 4501872, at *3 (5th Cir. July 12, 2023).  Because Payne has failed to identify any circumstances creating the appearance of impropriety or an inability to remain impartial, recusal is unwarranted in the present case.

III.    Conclusion

Based on the forgoing analysis, Payne's Motion to Recuse United States District Judge Marsha J. Crone (#19) is DENIED.

 SIGNED at Beaumont, Texas, this 11th day of June, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE